## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF OREGON

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Case No..: 24-61994-tmr7** |
| JAMIE JOHN-CRANE | ) | |
| | ) | **Chapter 7** |
| Debtor. | ) | |
| _____ | ) | |
| | ) | **ADVERSARY COMPLAINT** |
| Jamie: John-Crane | ) | **DEMAND FOR PROOF OF CLAIM AND** |
| Sui Juris | ) | **REQUEST FOR INJUNCTIVE RELIEF** |
| PLAINTIFF, | ) | |
| V. | ) | |
| | ) | |
| NAVY FEDERAL | ) | |
| CREDIT UNION | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

COMES NOW, **Jamie: John-Crane, representing JAMIE JOHN-CRANE Debtor, do hereby respectfully submits this response in opposition to Defendant's request for relief from automatic stay and file this adversary complaint on the following basis.**

## INTRODUCTION

1.  This adversary proceeding is brought under 11 U.S.C. §§ 506 and 547 to determine the validity, priority, and enforceability of Navy Federal Credit Union's alleged security interest in a vehicle owned by the Trust.

2.  Plaintiff, Jamie John-Crane, as Trustee of the Trust, contests the Defendant's right to enforce a security interest on the vehicle in question.

## PARTIES

3. Plaintiff, Jamie John-Crane (the 'Trustee'), is the Trustee of the Trust, which holds legal title to the subject vehicle. The vehicle is a 2023 Ford Bronco with VIN [1FMEE5DPXPLB56790].

4. Defendant, Navy Federal Credit Union (the 'Defendant'), is a creditor asserting a claim against the vehicle through an alleged security interest.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(K), as it concerns the determination of the validity and extent of a lien.

6. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## FACTS

7. On or about December 1, 2023, Plaintiff acquired the subject vehicle. The vehicle was paid upfront using negotiable instruments, and there was no need for Plaintiff to make any further payments under a loan or financing agreement.

8. Navy Federal Credit Union asserts a claim against the vehicle, alleging that they have a perfected security interest. However, the Defendant has failed to provide sufficient proof of a perfected security interest.

9. Upon information and belief, Navy Federal Credit Union does not have a perfected security interest in the vehicle owned by the Trust. Plaintiff asserts that the Defendant failed to file the necessary UCC-1 Financing Statement or other documentation with the appropriate authority to

perfect their security interest.

10. Navy Federal Credit Union, acting as the alleged creditor, has not demonstrated that it is the lawful holder in due course of any debt obligation, nor have they established their rights to enforce any lien under applicable state laws.

11. Plaintiff further asserts that there is no evidence supporting the documents submitted by Navy Federal Credit Union are originals and may have been altered. Plaintiff contests the authenticity of these documents and demands strict proof they are genuine.

12. Plaintiff also asserts that any reliance on photocopies of an alleged promissory note or loan agreement should be excluded under the Best Evidence Rule. Plaintiff demands the production of the original document(s), to include the wet ink signature to verify their authenticity.

13. Plaintiff has requested validation of the debt and proof of a perfected security interest pursuant to the Fair Debt Collection Practices Act (FDCPA) but has not received any valid evidence of such perfection.

## CLAIMS FOR RELIEF

**COUNT ONE: DECLARATORY JUDGMENT (11 U.S.C. § 506)**

14. Plaintiff realleges and incorporates by reference paragraphs 1 through 13 as if fully set forth herein.

15. Navy Federal Credit Union's claim against the vehicle is unperfected, and as such, the claim should be avoided or subordinated to the interests of the Plaintiff, as Trustee for the Trust.

16. Plaintiff seeks a declaratory judgment that Navy Federal Credit Union's security interest in the

vehicle is invalid, and they do not hold a perfected lien that can be enforced under applicable bankruptcy or state laws.

## COUNT TWO: DETERMINATION OF SECURED STATUS

17. Plaintiff realleges and incorporates by reference paragraphs 1 through 16 as if fully set forth herein.

18. Defendant's purported claim as a secured creditor is invalid due to the failure to perfect its interest in the vehicle, rendering Navy Federal's status as a secured creditor void.

19. Pursuant to 11 U.S.C. § 506, Plaintiff requests that the Court determine the status of Defendant's claim and declare that Navy Federal's interest in the vehicle is unsecured.

## COUNT THREE: OBJECTION TO CLAIM

20. Plaintiff realleges and incorporates by reference paragraphs 1 through 19 as if fully set forth herein.

21. Plaintiff objects to Navy Federal's claim on the grounds that they have not produced the original loan agreement, promissory note, or other necessary documents proving their legal right to enforce the claim.

22. Plaintiff asserts that the vehicle was paid upfront using negotiable instruments, and no further payments were required. Defendant's failure to acknowledge this payment further discredits their claim of a valid lien.

23. Without sufficient proof of Navy Federal's standing as a secured creditor and ownership of the debt, Plaintiff seeks an order disallowing Navy Federal's claim in its entirety.

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

1.  A declaratory judgment that Navy Federal Credit Union's security interest in the vehicle is invalid and unperfected.

2.  An order determining that Navy Federal's claim is unsecured under 11 U.S.C. § 506.

3.  An order disallowing the Defendant's claim due to the failure to prove their standing and interest in the vehicle.

4.  Any further relief the Court deems just and proper.

Dated: October 21, 2024

Respectfully Submitted,

*By: Jamie-Christina:John-Crane*

Jamie: John-Crane/Representative

Without Prejudice UCC 1-308

c/o

Certificate of Service:

I certify that on 10/21/24, I served a copy of this Adversary Complaint, Demand for Proof of Claim, and Request for Injunctive Relief on Navy Federal Credit Union and their attorney, Lance E. Olsen, McCarthy & Holthus, LLP, by mailing a copy to 108 1st Ave S., Seattle, WA 98104.

I certify that on 10/21/24, I served a copy of this Adversary Complaint, Demand for Proof of Claim, and Request Injunctive Relief on U.S Trustee, Vanessa Pancic via email pancictrustee@comcast.net.

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>JAMIE JOHN-CRANE | DEFENDANTS<br>NAVY FEDERAL CREDIT UNION |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known)<br>LANCE E OLSEN<br>108 1ST AVE S SUITE 300, SEATTLE WA 98104 |

**PARTY** (Check One Box Only)
- ☒ Debtor
- ☐ Creditor
- ☐ Trustee
- ☐ U.S. Trustee/Bankruptcy Admin
- ☐ Other

**PARTY** (Check One Box Only)
- ☐ Debtor
- ☒ Creditor
- ☐ Trustee
- ☐ U.S. Trustee/Bankruptcy Admin
- ☐ Other

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Plaintiff seeks declaratory judgment under 11 U.S.C. § 506 to determine the validity and enforceability of Navy Federal Credit Union's alleged security interest in a vehicle owned by the Trust. The Plaintiff contends that the Defendant does not hold a perfected security interest and has failed to provide the original loan documents or proof of a valid lien. Additionally, Plaintiff asserts an

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**   **1**
- ☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☒ 72-Injunctive relief – other   **4**

**FRBP 7001(8) Subordination of Claim or Interest**   **3**
- ☒ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**   **2**
- ☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | Demand  $ |

**Other Relief Sought**

Plaintiff seeks a permanent injunction prohibiting Navy Federal Credit Union from asserting any claim, interest, or lien against the vehicle in question and any further harassment or collection

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>JAMIE JOHN-CRANE | BANKRUPTCY CASE NO.<br>24-61994-TMR7 | |
| DISTRICT IN WHICH CASE IS PENDING<br>OREGON | DIVISION OFFICE<br>EUGENE | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*By: Jamie-Christina:John-Crane* | | |
| DATE<br>10/21/87 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Jamie John-Crane | |

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.